UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENILDA DESCHAMPS a/k/a ENILDA DECHAMPS, <br><br> Plaintiffs, <br><br> -against- <br><br> GATEWAY SECURITY, INC. and BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC., <br><br> Defendants. | Civil Case No.: 21-CV-06392 <br><br> **COMPLAINT** <br><br> **PLAINTIFFS DEMAND TRIAL BY JURY** |

Plaintiff ENILDA DESCHAMPS a/k/a ENILDA DECHAMPS (hereinafter referred to as "Plaintiff"), by and through her attorneys, Law Offices of Peter D. Baron, PLLC, as and for her complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action arising from an February 16, 2019, incident in which Plaintiff, while working as a cleaner at the Howard Beach—JFK Airport Station located at Coleman Square at the intersection of 159th Avenue & 103rd Street, Queens, New York 11414, was assaulted by an unknown assailant causing her to sustain severe and permanent injuries. The unknown assailant had assaulted another individual prior to Plaintiff's incident and was not removed from the premises by Defendants GATEWAY SECURITY, INC. and/or BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.

1

## THE PARTIES

2. Plaintiff ENILDA DESCHAMPS a/k/a ENILDA DECHAMPS is domiciled and a resident of the County of Kings, State of New York.

3. Defendant GATEWAY SECURITY, INC. ("GATEWAY") is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New Jersey. GATEWAY maintains a principal place of business at 604-608 Market Street, Newark, New Jersey 07105.

4. Defendant BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC. ("BOMBARDIER") is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware. BOMBARDIER maintains a principal place of business at 1501 Lebanon Church Road, Pittsburgh, Pennsylvania 15236.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, since the parties are citizens of diverse states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

6. Venue is properly placed in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that the events complained of took place within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMAND

7. Plaintiffs demand a trial by jury on each and every claim pleaded in the Complaint herein.

## STATEMENT OF FACTS

8. That at all times the Howard Beach—JFK Airport station located at Coleman Square, at the intersection of 159th Avenue & 103rd Street, County of Queens, City and State of New York (hereinafter referred to as "Howard Beach Station"), was and still is a public subway/air train station.

9. That on February 16, 2019, and prior thereto, Defendant GATEWAY contracted with the Port Authority of New York and New Jersey (hereinafter referred to as "Port Authority") to provide security at the Howard Beach Station.

10. That on February 16, 2019, and prior thereto, Defendant GATEWAY performed security work at the Howard Beach Station

11. That on February 16, 2019, and prior thereto, Defendant GATEWAY managed the Howard Beach Station.

12. That on February 16, 2019, and prior thereto, Defendant GATEWAY maintained the Howard Beach Station.

13. That on February 16, 2019, and prior thereto, Defendant GATEWAY supervised the Howard Beach Station.

14. That on February 16, 2019, and prior thereto, Defendant GATEWAY protected the Howard Beach Station.

15. That on February 16, 2019, and prior thereto, Defendant GATEWAY operated the Howard Beach Station.

16. That on February 16, 2019, and prior thereto, Defendant GATEWAY controlled the Howard Beach Station.

17. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER contracted with the Port Authority to provide security at the Howard Beach Station.

18. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER performed security work at the Howard Beach Station.

19. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER managed the Howard Beach Station.

20. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER maintained the Howard Beach Station.

21. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER supervised the Howard Beach Station.

22. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER protected the Howard Beach Station.

23. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER operated the Howard Beach Station.

24. That on February 16, 2019, and prior thereto, Defendant BOMBARDIER controlled the Howard Beach Station.

25. That on February 16, 2019, Plaintiff was lawfully present at the Howard Beach Station, working as a cleaner when she was assaulted by an unknown assailant.

26. Upon information and belief, that on February 16, 2019, the unknown assailant had been reported to GATEWAY for assaulting another individual prior to Plaintiff's assault.

27. Upon information and belief, GATEWAY failed to have the unknown assailant removed from the Howard Beach Station.

28. Upon information and belief, that on February 16, 2019, the unknown assailant had been reported to BOMBARDIER for assaulting another individual prior to Plaintiff's assault.

29. Upon information and belief, BOMBARDIER failed to have the unknown assailant removed from the Howard Beach Station.

**AS AND FOR A FIRST CAUSE OF ACTION
AS AGAINST DEFENDANT GATEWAY FOR NEGLIGENCE**

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31. That it was the duty of the Defendant GATEWAY, its servants, agents and/or employees to maintain, manage, supervise, protect, operate and control the aforesaid station, and activities conducted therein, in a reasonably safe manner.

32. On February 16, 2019, Defendant GATEWAY had notice of the presence of the unknown assailant, as such assailant assaulted another individual at the Howard Beach Station before assaulting Plaintiff.

33. That said incident took place due to the negligence and carelessness of Defendant GATEWAY.

34. That Plaintiff sustained injuries due to the negligence of Defendant GATEWAY, their agents, servants and/or employees without Plaintiff in any way contributing thereto.

35. On February 16, 2019, Defendant GATEWAY, their agents, servants and/or employees, jointly and severally, individually or in concert, disregarded their duty and conducted themselves in a negligent, careless and unlawful manner in failing to provide adequate and sufficient security to protect Plaintiff within the aforesaid premises; in failing to timely identify and promptly eject unruly individuals; in permitting unruly individuals to engage in dangerous and hazardous activities within the premises; in failing to discern within a reasonable time that unruly

5

individuals were engaged in dangerous and hazardous activities within the premises; in causing an unnecessary and dangerous situation within the premises; in preventing Plaintiff from defending herself or removing herself to a place of safety; in placing Plaintiff in danger; in failing to warn Plaintiff of the dangerous and hazardous activities being conducted within the premises; in failing to timely contact the appropriate authorities to protect Plaintiff; in failing to timely contact the appropriate authorities to eject those patrons of the aforesaid premises who were engaging in the dangerous, hazardous and unlawful activities as aforesaid; and in conducting themselves in such a negligent, careless and unlawful manner as to cause severe injuries to Plaintiff.

36. That by reason of the wrongful and negligent actions of Defendant GATEWAY, through their agents, servants and/or employees as aforesaid, Plaintiff was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable period of time.

37. That by reason of the foregoing, Plaintiff is entitled to recovery from Defendant GATEWAY for all the damages which she has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## AS AGAINST DEFENDANT BOMBARDIER FOR NEGLIGENCE

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39. That it was the duty of the Defendant BOMBARDIER, its servants, agents and/or employees to maintain, manage, supervise, protect, operate and control the aforesaid station, and activities conducted therein, in a reasonably safe manner.

40. On February 16, 2019, Defendant BOMBARDIER had notice of the presence of the unknown assailant, as such assailant assaulted another individual at the Howard Beach Station before assaulting Plaintiff.

41. That said incident took place due to the negligence and carelessness of Defendant BOMBARDIER.

42. That Plaintiff sustained injuries due to the negligence of Defendant BOMBARDIER, their agents, servants and/or employees without Plaintiff in any way contributing thereto.

43. On February 16, 2019, Defendant BOMBARDIER, their agents, servants and/or employees, jointly and severally, individually or in concert, disregarded their duty and conducted themselves in a negligent, careless and unlawful manner in failing to provide adequate and sufficient security to protect Plaintiff within the aforesaid premises; in failing to timely identify and promptly eject unruly individuals; in permitting unruly individuals to engage in dangerous and hazardous activities within the premises; in failing to discern within a reasonable time that unruly individuals were engaged in dangerous and hazardous activities within the premises; in causing an unnecessary and dangerous situation within the premises; in preventing Plaintiff from defending herself or removing herself to a place of safety; in placing Plaintiff in danger; in failing to warn Plaintiff of the dangerous and hazardous activities being conducted within the premises; in failing to timely contact the appropriate authorities to protect Plaintiff; in failing to timely contact the appropriate authorities to eject those patrons of the aforesaid premises who were engaging in the dangerous, hazardous and unlawful activities as aforesaid; and in conducting themselves in such a negligent, careless and unlawful manner as to cause severe injuries to Plaintiff.

44. That by reason of the wrongful and negligent actions of Defendant BOMBARDIER, through their agents, servants and/or employees as aforesaid, Plaintiff was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable period of time.

45. That by reason of the foregoing, Plaintiff is entitled to recovery from Defendant BOMBARDIER for all the damages which she has suffered and will continue to suffer in the sum of ONE MILLION DOLLARS ($1,000,000), together with the costs and disbursements of this action and interest

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for a sum of ONE MILLION DOLLARS ($1,000,000) on the First Cause of Action; for a sum of ONE MILLION DOLLARS ($1,000,000) on the Second Cause of Action; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Melville, New York
       November 16, 2021

                Respectfully submitted,

                **LAW OFFICES OF PETER D. BARON, PLLC**

                _____
                Peter D. Baron, Esq. (PB8519)
                Andrew T. Federico, Esq.
                *Attorneys for Plaintiff*
                532 Broadhollow Road, Suite 114
                Melville, New York 11747
                Tel.: (631) 367-7000

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF SUFFOLK        )

The undersigned, an attorney admitted to practice law before the United States District Court for the Eastern District of New York, and the Principal of the law firm of LAW OFFICES OF PETER D. BARON, PLLC, attorneys of record for Plaintiffs herein, affirms:

That I have read the attached COMPLAINT and the same is true to my own knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

The affirmant's sources of information are facts as ascertained from Plaintiffs, upon investigation, and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that Plaintiffs do not reside within the county in which your affirmant maintains his law office or are presently unavailable.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: Melville, New York
       November 16, 2021

                                            _____
                                            Peter D. Baron, Esq.