UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENILDA DESCHAMPS a/k/a ENILDA DECHAMPS,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY SECURITY, INC. and BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC.,<br><br>Defendants. | Civil Case No.: 21-cv-06392 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC.
TO PLAINTIFF'S COMPLAINT**

Defendant BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC. (hereinafter "Defendant" or "BOMBARDIER"), by and through its attorneys Wilson Elser Moskowitz Edelman & Dicker LLP, as and for an answer to Plaintiff's Complaint, upon information and belief respectfully responds as follows:

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S NATURE OF THE ACTION ALLEGATIONS**

1. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except that Defendant denies the existence of any duty to remove any individuals referenced in the Complaint from the subject premises.

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S THE PARTIES ALLEGATIONS**

2. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2 and 3 of the Complaint.

3. Defendant BOMBARDIER denies each and every allegation contained in Paragraph 4 of the Complaint, except admits that BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC. is a corporation duly organized and existing under the laws of the State of Delaware, and maintains a principal place of business in the Commonwealth of Pennsylvania.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S JURISDICTION AND VENUE ALLEGATIONS

4. Paragraph 5 of the Complaint does not contain any allegations, and as such Defendant BOMBARDIER neither admits nor denies the statements contained in Paragraph 5 of the Complaint and respectfully refers any questions of law to the Court.

5. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiff's Complaint alleges that the subject incident occurred at the Howard Beach JFK Airport station located at Coleman Square at the intersection of 159th Avenue & 103rd Street, County of Queens, City and State of New York.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S JURY TRIAL DEMAND

6. Paragraph 7 of the Complaint does not contain any allegations, and as such Defendant BOMBARDIER neither admits nor denies the statements contained in Paragraph 7 of the Complaint and respectfully refers any questions of law to the Court.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

7. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that the Airtrain JFK system provides service to and from the Howard Beach JFK Airport station

("Howard Beach Station") located at Coleman Square at the intersection of 159th Avenue & 103rd Street, County of Queens, City and State of New York.

8. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9, 10, 11, 12, 13, 14, 15 and 16 of the Complaint.

9. Defendant BOMBARDIER denies each and every allegation contained in Paragraphs 17, 18, 19, 20, 21, 22, 23 and 24 of the Complaint, except admits that BOMBARDIER offered limited customer service support to Airtrain JFK passengers in the vicinity of the Airtrain JFK platform at the Howard Beach Station pursuant to a contract with the Port Authority of New York and New Jersey.

10. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 25, 26, 27, 28 and 29 of the Complaint.

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST CAUSE OF ACTION**

11. Defendant BOMBARDIER repeats and reiterates each and every admission, denial and denial of sufficient information as to the allegations set forth in Paragraphs 1 through 29 of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations in Paragraph 30 of the Complaint.

12. Defendant BOMBARDIER denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31, 32, 33, 34, 35, 36 and 37 of the Complaint.

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S SECOND CAUSE OF ACTION**

13. Defendant BOMBARDIER repeats and reiterates each and every admission, denial and denial of sufficient information as to the allegations set forth in Paragraphs 1 through 37 of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations in Paragraph 38 of the Complaint.

14. Defendant BOMBARDIER denies each and every allegation contained in Paragraphs 39, 40, 41, 42, 43, 44 and 45 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

1. That any injuries which the Plaintiff may have sustained, all of which are expressly denied, were caused or contributed to by the culpable conduct and fault of negligence of other defendants or third parties over which Defendant had no control or right to exercise control.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

2. If the injuries and damages were sustained by Plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the comparative negligence of Plaintiff, and if any damages are recoverable against Defendant, the amount of such damages shall be diminished in proportion with the comparative negligence which caused the damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. The damages alleged to have been sustained by Plaintiff were caused in whole or in part by the culpable conduct of Plaintiff or other parties without any culpable conduct on the

part of the answering Defendant and, therefore, the amount of damages, if any, recovered by the Plaintiff should be reduced in the proportion to which the culpable conduct attributed to the Plaintiff or others bears to the culpable conduct which caused said purported damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lesson or reduce the injuries, damages and disabilities alleged in Plaintiff's Complaint and the amount of damages recovered by Plaintiff, if any, should be limited to reflect the failure to mitigate.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. The Complaint fails to state a recognizable and actionable tort against the Defendant, and Defendant complied with all State, Local, City, Federal and other rules relating to the subject of this event.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Upon information and belief, Plaintiffs' economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this Answering Defendant is entitled to have this Court consider the same in determining such special damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. The liability of the Answering Defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Any injuries sustained by the Plaintiff, all of which are expressly denied, were the result of independent acts of a third-party for which Defendant cannot be held liable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. If Plaintiff sustained any damages, there was an intervening cause or causes over which Answering Defendant had no control or right of control and in no way participated which led to such injuries or damages and, as such, any act on the part of Answering Defendant was not the proximate cause of Plaintiff's injuries or damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. The liability of the Answering Defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. The Plaintiff fails to join necessary/indispensable parties to the subject action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Defendant is not a proper party in interest because Defendant did not own or control the premises on which Plaintiff sustained injuries or otherwise have a duty to provide security.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiff is barred from recovery for any alleged injuries sustained as the result of the subject incident because any such injuries were caused by Plaintiff's own unlawful conduct and under the doctrine of unclean hands.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Plaintiff is barred from recovery for any alleged injuries sustained as the result of the alleged assailant Defendant did not have actual or constructive notice of any such assailant or assailants.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

15.     In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may thereafter be given a release or a covenant not to sue, this Answering Defendant will be entitled to protection and a corresponding reduction of any damages which may be determined to be due against Defendant pursuant to New York G.O.L. §15-108.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Answering Defendant reserves the right to allege such other affirmative defenses as may become legally available hereafter or become apparent during discovery including, without limitation, those defenses that are specific to the statutory and common law of the jurisdiction in which the action commenced which were available at the time the action was commenced or became available during the pendency of the action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17. Answering Defendant incorporates by reference herein all affirmative defenses set forth in Fed. R. Civ. P. 8(c). As this matter continues, Answering Defendant reserves the right to amend their Answer to specifically set forth one or more of the affirmative defenses set forth in Fed. R. Civ. P. 8(c) should the facts so warrant.

## DEMAND FOR TRIAL BY JURY

Answering Defendant demands a trial by jury herein.

**WHEREFORE**, Defendant BOMBARDIER demands judgment dismissing Plaintiff's Complaint, together with costs and disbursements of this action, including reasonable attorneys' fees, and any other relief this Court deems just and proper.

Dated: White Plains, New York
      January 19, 2022

                                            **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

                                            By:   /s/ Daniel M. Braude
                                                    Daniel M. Braude
                                            *Attorneys for Defendant*
                                            BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC.
                                            1133 Westchester Avenue,
                                            White Plains, New York 10604
                                            Phone: (914) 323-7000

TO:   **LAW OFFICES OF PETER D. BARON, PLLC**
       *Attorneys for Plaintiff*
       532 Broadhollow Road, Suite 114
       Melville, New York 11747
       Phone: (631) 367-7000